IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARK M. FISHER                                                                                          PETITIONER

v.                                    Case No. 5:15-cv-00218 JLH-JTK

WENDY KELLEY, et al.                                                                              RESPONDENTS

### ORDER

Pending before the Court is a Motion to Change Venue (DE #12). The Motion is GRANTED.

Petitioner Mark Fisher is an inmate confined in the Arkansas Department of Correction. In his current habeas petition, Petitioner attacks the detainer lodged by the State of Pennsylvania. Preliminary review of the petition has been undertaken pursuant to Rule 4 of the Rules Governing § 2254 cases, and, for the reasons set forth below, the petition is immediately transferred to the United States District Court for the Western District of Pennsylvania.

Title 28 U.S.C. § 1404(a) provides that: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." Since habeas corpus proceedings are civil in nature, they are subsumed under the phrase "any civil action." *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 499 n. 15 (1973) ("[w]here a prisoner brings an action in the district of confinement attacking a detainer lodged by another State, the court can, of course, transfer the suit to a more convenient forum"). With this provision in mind, the action should have been brought in the United States District Court for the Western District of Pennsylvania; the Eastern District of Arkansas is not the most convenient forum within which to attack a detainer lodged by Pennsylvania. *See Hoffman v.*

*Blaski*, 363 U.S. 335 (1960) (recognizing that, where a prisoner brings an action in the district of confinement attacking a detainer lodged by another state, the court can, of course, transfer the suit to a more convenient forum); *see also Braden*, 410 U.S. 484 (finding that the state holding the prisoner in immediate confinement acts as agent for the demanding state (the principal), the custodian state is presumably indifferent to the resolution of the prisoner's attack on the detainer, and the action could be transferred to the district court in the demanding state).

Federal habeas relief is only available if the applicant has exhausted the remedies available to him in the state that issued the detainer. *See Parette v. Lockhart*, 927 F.2d 366 (8th Cir. 1991). The validity of a detainer issued by the State of Pennsylvania, and a decision as to whether Petitioner has exhausted his available Pennsylvania state court remedies, are best determined by a federal judge familiar with the laws of that state. Therefore, pursuant to § 1404(a), and in the interests of judicial economy, Petitioner's case is immediately transferred to the United States District Court for the Western District of Pennsylvania.

So Ordered this 16th day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE